NANCY HERSH, State Bar No. 49091
CHARLES KELLY, State Bar No. 122253
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6316
(415) 441-5544

Attorneys for Plaintiffs MICHAEL TOMCIK, CONNIE TOMCIK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MICHAEL TOMCIK, CONNIE TOMCIK, | ) | CASE NUMBER |
| Plaintiffs, | ) ) | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | ) ) | |
| AMAZON.COM, LLC, AMAZON.COM, INC., COOL STUFF QUICK, LLC, THUMPER MASSAGER, INC., | ) ) ) ) | 1) **Products Liability-Consumer Expectation;** 2) **Products Liability-Failure to Warn;** |
| Defendants. | ) ) ) ) ) ) | 3) **Products Liability-Risk Benefit** 4) **Implied Warranty of Merchanbility;** 5) **Implied Warranty of Fitness for a Particular Purpose;** 6) **Loss Of Consortium** |

Come now Plaintiffs MICHAEL TOMCIK and CONNIE TOMCIK and plead and allege as follows:

## PARTIES

1    At all times relevant herein, Plaintiffs MICHAEL TOMCIK and CONNIE TOMCIK, husband and wife, are residents of the State of California.  Plaintiff MICHAEL TOMCIK is a physician licensed to practice medicine in the State of California, and practices dematology from his private medical office.

HERSHANDHERSH
A Professional Corporation

HERSHANDHERSH
A Professional Corporation

2. At all times relevant herein, Defendant AMAZON.COM, LLC, (collectively referred to as "AMAZON") is a Delaware corporation doing business in California.

3. At all times relevant herein, Defendant AMAZON.COM, INC., (collectively referred to as "AMAZON") is a Washington State Corporation with its corporate headquarters in Seattle, Washington. Defendant AMAZON does not have a principal place of business in California.

4. COOL STUFF QUICK, LLC, ("COOL STUFF QUICK") is a Utah Limited Liability Company, which sells merchandise on defendant AMAZON's website under the store, "COOL STUFF QUICK."

5. THUMPER MASSAGER, INC., ("THUMPER") is a Canadian corporation with its headquarters in Markham, Ontario, Canada.

6. At all times mentioned herein, each of the Defendants was the agent and employee of every other Defendant in doing the acts herein alleged, and was, at all times, acting within the purpose and scope of said agency and employment.

### FACTS

7. Defendants THUMPER, AMAZON.COM, INC., AMAZON.COM, LLC, and COOL STUFF QUICK design, test, manufacture, market, promote, sell, distribute, and license for design, manufacture, sale, marketing, promotion and distribution the Thumper Mini Pro 2 Hand Held Percussive Massager. As such, defendants play an integral part in the enterprise that places the Thumper Mini Pro 2 Hand Held Percussive Massager into the stream of commerce.

8. On or about June 1, 2014, Plaintiff MICHAEL TOMCIK purchased the Thumper Mini Pro 2 Hand Held Percussive Massager through AMAZON and COOL STUFF QUICK. Plaintiff is informed and believes and thereon alleges that it was in substantially the same condition as it was when it left the possession of Defendants.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

9.      On or about June 8, 2014, Plaintiff MICHAEL TOMCIK unboxed the Thumper Mini Pro 2 Hand Held Percussive Massager, read the accompanying written materials, and proceeded to use it for the first time as instructed on his back, shoulders, and neck.

10.     Immediately after use, Plaintiff experienced tingling on his right side, especially in his hands and feet, a dull headache and some dizziness.  Plaintiff attempted to walk to bed but became dizzy again and laid down on the floor until he was able to get up and walk to bed.

11.     At his medical office, the following day, Plaintiff's headache persisted, and patients and staff remarked that he was repeating himself.  Plaintiff also felt extremely fatigued.  This trend continued until June 13th, when Plaintiff noticed that his vision in his right eye was compromised.

12.     Plaintiff sought a neurological consultation on June 13, 2014, and was thereafter admitted to Stanford Hospital stroke unit with a diagnosis of memory loss, vision changes, and cerebral infarction.  Plaintiff had suffered a stroke secondary to traumtic mechanical injury caused by the Thumper Mini Pro 2 Hand Held Percussive Massager.

13.     Defendants knew or should have known of the risk of stroke associated with the use of its Thumper Mini Pro 2 Hand Held Percussive Massager as such risk is discussed in medical literature, but neither warned consumers and users of the risks of using the Thumper Mini Pro 2 Hand Held Percussive Massager, including but not limited to, the risk of stroke, nor did Defendants adequately and properly instruct users in the safe use of the Thumper Mini Pro 2 Hand Held Percussive Massager.

14.     As a result of the stroke, Plaintiff MICHAEL TOMCIK has lost his ability to practice medicine because he suffered and continues to suffer physical and emotional injuries.  Plaintiff has incurred and will continue to incur medical expenses, loss of income, loss of business opporotunity, loss of household services and general damages.  Plaintiff CONNIE TOMCIK has suffered and will continue to suffer loss of consortium damages.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERSH AND HERSH
A Professional Corporation

## FIRST CAUSE OF ACTION

## (PRODUCTS LIABILITY-CONSUMER EXPECTATION)

### (Against all Defendants)

15.    Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above.

16.    Defendants, and each of them, manufactured, designed, promoted, distributed, marketed and sold and licensed for manufacture, design, sale, promotion, marketing, distribution and sale and/or otherwise participated in placing in the stream of commerce the Thumper Mini Pro 2 Hand Held Percussive Massager.

17.    At the time of Plaintiff's use, the Thumper Mini Pro 2 Hand Held Percussive Massager was in substantially the same condition as when it left Defendants' and/or Defendants' agents' possession.

18.    The Thumper Mini Pro 2 Hand Held Percussive Massager did not perform as safely as an ordinary consumer would have expected at the time of use as it harmed Plaintiff MICHAEL TOMCIK when he used it as intended and instructed.

19.    The Thumper Mini Pro 2 Hand Held Percussive Massager was used in a way that was reasonably foreseeable to Defendants.

20.    Plaintiff MICHAEL TOMCIK was harmed and the Thumper Mini Pro 2 Hand Held Percussive Massager was a substantial factor in causing his harm.

Wherefore, Plaintiffs pray as follows below:

## SECOND CAUSE OF ACTION

## (PRODUCTS LIABILITY-FAILURE TO WARN)

### (Against all Defendants)

21.    Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above.

- 4 -

21.    Defendants, and each of them, manufactured, designed, promoted, distributed, marketed, and sold and licensed for manufacture, design, marketing, distribution, promotion and sale the Thumper Mini Pro 2 Hand Held Percussive Massager.

22.    The Thumper Mini Pro 2 Hand Held Percussive Massager had potential risks and hazards that were known or scientifically knowable to defendants, and each of them, at the time of its design, manufacture, distribution, promotion, marketing, and sale and/or licensing for design, manufacture, marketing, distribution, promotion and sale.

23.    The Thumper Mini Pro 2 Hand Held Percussive Massager was used in a way that was reasonably foreseeable to Defendants.

24.    These risks and hazards presented a substantial danger to users and an ordinary consumer would not have recognized these potential risks and hazards.

25.    These Defendants, and each of them, failed to adequately warn of the potential risks and hazards.

26.    Plaintiff MICHAEL TOMCIK was harmed and the Thumper Mini Pro 2 Hand Held Percussive Massager was a substantial factor in causing Plaintiff's harm.

27.    Defendants' failure to warn was done with malice as its conduct was despicable and done with a wilful and concious disregard of the safety of consumers entitling Plaintiffs to an award of exemplary damages pursuant to CC 3294.

28.    Defendants' concealment of the known and knowable risks and hazards was fraudulent as they concealed these risks and dangers with the intention and purpose of selling the Thumper Mini Pro 2 Hand Held Percussive Massager knowing that it could cause injury and damage to users entitling Plantiffs to an award of exemplary damages pursuant to CC 3294.

Wherefore Plaintiffs pray as follows below:

///

///

///

- 5 -

**THIRD CAUSE OF ACTION**

**(PRODUCT LIABILITY–RISK BENEFIT)**

**(Against all Defendants)**

29.     Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above.

30.     Defendants, and each of them, manufactured, designed, distributed and/or sold the Thumper Mini Pro 2 Hand Held Percussive Massager.

31.     Plaintiff Michael Tomcik was harmed while using the Thumper Mini Pro 2 Hand Held Percussive Massager.

32.     The Thumper Mini Pro 2 Hand Held Percussive Massager's design was a substantial factor in causing harm to Plaintiff Michael Tomcik.

Wherefore Plaintiffs pray as follows below:

**FOURTH CAUSE OF ACTION**

**(IMPLIED WARRANTY OF MERCHANTABILITY)**

**(Against all Defendants)**

33.     Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above.

34.     Plaintiff purchased the Thumper Mini Pro 2 Hand Held Percussive Massager from Defendants.

35.     At the time of the purchase of the Thumper Mini Pro 2 Hand Held Percussive Massager, Defendants, and each of them, were in the business of selling home massage tools, including the Thumper Mini Pro 2 Hand Held Percussive Massager, and had held themselves out as having special knowledge regarding these types of goods.

36.     The Thumper Mini Pro 2 Hand Held Percussive Massager was not fit for the ordinary purposes for which such goods are used and was not the same quality as those goods generally acceptable in the trade.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

37.     Plaintiffs were harmed by the failure of the Thumper Mini Pro 2 Hand Held Percussive Massager to have the expected quality in that it had a defect that caused Plaintiff's injuries.

Wherefore, Plaintiffs pray as follows below:

## FIFTH CAUSE OF ACTION

## (IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)

## (Against all Defendants)

38.     Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above..

39.     Plaintiff purchased the Thumper Mini Pro 2 Hand Held Percussive Massager from Defendants.

40.     At the time of purchase, Defendants knew or had reason to know that Plaintiff MICHAEL TOMCIK intended to use the product for a particular purpose.

41.     At the time of the purchase, Defendants knew or had reason to know that Plaintiff MICHAEL TOMCIK was relying on Defendants' skills and judgment to furnish a product that was suitable for the particular purpose.

42.     Plaintiff MICHAEL TOMCIK was harmed by the Thumper Mini Pro 2 Hand Held Percussive Massager because of the product's failure to be suitable for the particular purpose for which he purchased it.  The failure of the product to be suitable was a substantial factor in causing Plaintiff's harm.

Wherefore, Plaintiffs pray as follow below:

## SIXTH CAUSE OF ACTION

## (LOSS OF CONSORTIUM)

## (Against all Defendants)

43.     Plaintiffs re-allege and incorporate by this reference, as if fully set forth herein, each and every allegation contained in the paragraphs above.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

44.     Defendants' acts and ommisions alleged herein caused injuries and damages to Plaintiff MICHAEL TOMCIK and derivatively to Plaintiff CONNIE TOMCIK, who suffered loss of consortium as a consequence thereof resulting in loss of the care, comfort, society and services of Plaintiff MICHAEL TOMACIK to his general damages, according to proof.

### PRAYER

Wherefore, Plaintiff Michael Tomcik prays as follows:

1.     General and Special Damages in an amount sufficient to compensate Plaintiffs according to proof at trial;

2.     Exemplary damages in an amount sufficient to punish and deter Defendants;

3..    Interest on the judgment at the legal rate;

4.     Costs of suit;

5.     All other relief that the court deems just and proper.


Wherefore, Plaintiff Connie Tomcik prays as follows:

1. Loss of consortium damages;

2. General and Special Damages in an amount sufficient to compensate Plaintiffs according to proof at trial;

2.     Exemplary damages in an amount sufficient to punish and deter Defendants;

3..    Interest on the judgment at the legal rate;

4.     Costs of suit;

5.     All other relief that the court deems just and proper.

DATED:   March 28, 2016                    HERSH & HERSH
                                           A Professional Corporation

                                           By_____
                                           Charles C. Kelly, II
                                           Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation